3     **UNITED STATES DISTRICT COURT**

4     **NORTHERN DISTRICT OF CALIFORNIA**

| **MOHAMMAD MUKATI,** | CASE NO. 17-cv-07093-YGR |
|---|---|
| Plaintiff**,** | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| **JOHN DOE, ET AL.,** | Re: Dkt. No. 9 |
| Defendants**.** | |

Plaintiff Mohammad Mukati has filed an ex parte motion for a temporary restraining order ("TRO") (Dkt. No. 9, Motion for Temporary Restraining Order ("TRO Motion")).

Plaintiff filed this action on December 13, 2017, asserting: (1) violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and (2) the Computer Fraud and Abuse Act, 18 U.S.C. §1030; (3) tortious interference with contractual relationship; (4) conversion; and (5) "declaratory relief."[1] In the instant motion, plaintiff seeks three forms of injunctive relief. First, where the domain names at issue in this case (the "Domain Names") have been transferred away from domain name registrar Dynadot, Inc. ("Dynadot"), plaintiff asks the Court to issue a TRO requiring the relevant domain name registry to change the registrar of record to Dynadot. Second, plaintiff asks the Court to issue a TRO requiring Dynadot to place all of the Domain Names into a single, new Dynadot account and to provide plaintiff with full control to change the domain name server ("DNS") settings and renew any domain names in said account. Finally, plaintiff asks the Court to issue a TRO requiring Dynadot to place all of the Domain Names on registrar lock, thus preventing the transfer of the Domain Names until resolution of this

---

[1] The Court notes that declaratory relief is not a substantive cause of action, but rather an equitable remedy for an independent cause of action. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023, n.3 (Cal. Ct. App. 2000) ("[Equitable remedies] are dependent upon a substantive basis for liability, [and] they have no separate viability.").

matter.[2]

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted). In order to obtain such relief, plaintiffs must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council. Inc.,* 555 U.S. 7, 20 (2008).

Federal Rule of Civil Procedure 65(b)(1) permits courts to issue a TRO without written or oral notice to the adverse party if (1) "*specific facts* in an affidavit or a verified complaint *clearly show* that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis supplied). In addition, this district's Civil Local Rules require that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Civ. L.R. 65-1(b).

Plaintiff fails to satisfy the first prong of Rule 65(b)(1). Along with his complaint, plaintiff submitted a verification in which he states that the facts alleged in the complaint are true and correct to the best of his knowledge, information, and belief. (Compl., Dkt. No. 1 at 21.) His verification is signed under penalty of perjury. The complaint itself, alleges, *inter alia*, that

---

[2] In Dynadot's filing from December 15, 2017 (Dkt. No. 8), Dynadot represented to the Court that it had, in fact, placed what appears to be the majority of the Domain Names on registrar lock, thus preventing the Domain Names from being transferred, modified, or otherwise managed or manipulated. Namecheap, Inc., another domain name registrar, made a similar filing on December 19, 2017, with respect to five of the Domain Names (Dkt. No. 12).

2

"Defendant Doe ["defendant"] has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain name." (*Id*. at ¶ 46.) The only two exhibits submitted with the complaint, and again with plaintiff's TRO Motion, are: (1) a spreadsheet listing the Domain Names and their alleged registration date; and (2) a screenshot of the conversation which plaintiff allegedly had with defendant on November 22, 2017, in which defendant appears to offer to return certain domain names to plaintiff in exchange for 100 bitcoins. Plaintiff's counsel's recent supplemental filing includes an exhibit which is purported to show the current and past registrant as well as the current registrar for all the Domain Names. (Dkt. No. 14, Lieberman Declaration Exh. A.) However, the origin and import of the appended document and the original spreadsheet are not adequately explained, nor is the evidentiary foundation for the proffered evidence demonstrated. The irreparable harm plaintiff alleges hinges on the existence of *ownership* rights over the Domain Names. In light of the lack of sufficient evidence of such ownership rights, especially where actual notice is not apparently achievable, plaintiff has failed to set forth *specific facts* which *clearly show* immediate and irreparable injury.

In sum, plaintiff has not complied with the requirements of Rule 65(b)(1) and has failed to set forth any facts showing that it will face immediate, irreparable injury if defendant is advised of plaintiff's application for a TRO and provided an opportunity to be heard. Accordingly, plaintiff has not demonstrated that issuance of an ex parte TRO is warranted, and the motion is **DENIED WITHOUT PREJUDICE** based upon the record presently before the Court.

This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: December 20, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**