United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|   |   |
|---|---|
| **MOHAMMAD MUKATI,**<br>Plaintiff**,**<br>vs.<br>**JOHN DOE, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-07093-YGR<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER; ADVANCING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 16 |

The Court is in receipt of plaintiff's supplemental filing in support of his renewed motion for a temporary restraining order. (Dkt. No. 19 ("Supplemental Filing"); Dkt. No. 16 ("Renewed TRO Motion").) The filing was made in response to the Court's order requesting plaintiff to submit proof of ownership regarding the domain names at issue in this case (the "Domain Names"), namely copies of "'receipts for buying the domains, the cloudflare accounts and the google analytics . . . with respect to each and every domain name at issue in plaintiff's Renewed TRO Motion . . . .'" (Dkt. No. 17 (quoting Dkt. No. 16-4 at ECF 73).) The Court also specifically ordered that the evidence "be organized by domain name." (*Id*.)

Despite the Court's order, plaintiff appears to have produced a massive data dump which is not organized in any coherent manner.[1] In certain instances, the information does not even pertain

---

[1] Plaintiff's domain name index was apparently provided to the Court in an attempt to organize the produced evidence. (*See* Supplemental Filing at ECF 505–12.) Aside from failing to list the Domain Names in any logical order (let alone alphabetical order), the index directs the Court to page numbers that are often wrong. For example, the index represents to the Court that the domain name successfultrucking.com appears on Bates page 000001. (*See* Supplemental Filing at ECF 511.) However, that page provides no information regarding successfultrucking.com. Rather, it pertains to the domain name brassygal.com, which is not even at issue in the underlying action. (*See id*. at ECF 6.) As another example, the index represents to the Court that the domain name 123-movies.tv appears on Bates page 000474. (*See id*. at ECF 509.) However, that page displays a PayPal receipt seemingly unrelated to 123-movies.tv. (*Id*. at ECF 479.)

to plaintiff's ownership as of the date Defendant Doe ("defendant") allegedly took control over the Domain Names.[2]

It is not the Court's task to scour the disorganized record to discern plaintiff's ownership over the Domain Names, or lack thereof, on the relevant date.  Rather, the onus is on plaintiff to do so.  In light of the numerous deficiencies with respect to the factual record, the Court **DENIES** plaintiff's Renewed TRO Motion.

Accordingly, the Court **ADVANCES** the case management conference currently set for March 19, 2018 to **January 29, 2018** on the Court's **2:00 p.m.** calendar, in the Federal Courthouse, 1301 Clay Street, Oakland, California, Courtroom 1.  Because defendant's identity is unknown, plaintiff is not required to file a case management statement in advance of the conference.

This Order terminates Docket Number 16.

**IT IS SO ORDERED.**

Dated:  January 17, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] For example, the index represents to the Court that the domain name frenchseries.com appears on Bates page 000132.  (*See* Supplemental Filing at ECF 507.)  While that page in fact shows a domain renewal for that domain name, it indicates that the 1-year renewal would have expired as of February 25, 2017, far before defendant allegedly took control over the Domain Names.