# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOHAMMAD MUKATI,**<br>Plaintiff,<br>vs.<br>**JOHN DOE, ET AL.,**<br>Defendants. | CASE NO. 17-cv-07093-YGR<br><br>**ORDER RE: REQUEST FOR ENTRY OF DEFAULT AND NEED FOR FURTHER INFORMATION**<br><br>Re: Dkt. No. 35 |

This case arises out of defendant John Doe's alleged unauthorized transfer of control over 445 of plaintiff's domain names (the "defendant domain names"). On March 16, 2018, plaintiff filed a request for entry of default against the 445 defendant domain names (Dkt. No. 32 ("Request")), and the Court subsequently expressed concerns regarding service of process (Dkt. No. 33). Plaintiff's recent filing purports to address the Court's concerns. (Dkt. No. 35 ("Response").)

Relevant here, the Anticybersquatting Consumer Protection Act ("ACPA") provides that the following actions constitute service of process:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)-(bb).[1] In light of plaintiff's response, the Court is satisfied that plaintiff has complied with the ACPA's statutory requirements for service by publication as to

---

[1] Section 1125(d)(2)(B) sates, "[t]he actions under subparagraph (A)(ii) shall constitute service of process."

the 434 active domain names at issue in this case.[2] However, as indicated above, compliance with the ACPA's service requirements requires more. Namely, plaintiff must also send notice of the lawsuit to "the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar[.]" 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa). The Court is unable to discern, based on the face of the proof of service filed on February 13, 2018 (Dkt. No. 28) or plaintiff's response, that service by mail and e-mail pursuant to the ACPA was in fact effectuated as to all 434 domain names. As it appears plaintiff has gleaned new information regarding the registrant's postal and email address since the filing of plaintiff's proof of service on February 13, 2018 (*see, e.g.*, Dkt. No. 35-2 at ECF 3), plaintiff shall notify the Court of any efforts made to effectuate service by mail and e-mail in light of this new information by written response no later than **Friday, April 13, 2018**.[3]

**IT IS SO ORDERED.**

Dated: April 6, 2018

                                                YVONNE GONZALEZ ROGERS
                                            UNITED STATES DISTRICT COURT JUDGE

---

[2] Plaintiff has indicated that he has been unable to renew 11 of the original 445 domain names at issue in the case. Thus, there remain 434 active domain names at issue. (*See* Reponse at 2.)

[3] The Court additionally notes that plaintiff's request for entry of default pertains to 445 domain names. (*See* Dkt. No. 32-2, Request Exh. A.) However, only 434 domain names remain at issue in the case, as previously mentioned. (*See supra* note 1.) Accordingly, plaintiff shall file an updated exhibit containing the correct domain names.