UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD MUKATI,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, et al.,<br><br>Defendants. | Case No. 17-cv-07093-YGR   (SK)<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION FOR DEFAULT JUDGMENT**<br><br>Regarding Docket No. 42 |

This matter was referred to the undersigned for a report and recommendation on Plaintiff's motion for default judgment. For the reasons set forth below, the Court RECOMMENDS DENYING the motion WITHOUT PREJUDICE.

After entry of default, a court may grant default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). In determining whether to enter default judgment, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In this action, Plaintiff alleges that he acquired the over 400 domain names at issue and has maintained registration of each domain name. (Dkt. 1 (Complaint), ¶ 6.) He further alleges that Defendant John Doe hijacked Plaintiff's email address and used this unauthorized access to transfer the domain names to his control without Plaintiff's authorization. (*Id*., ¶ 7.) Plaintiff attaches to his Complaint a chart of the domain names at issue, with the registration and expiration

dates of each domain name. (*Id*. at pp. 24-37.) Based on these allegations, Plaintiff alleges that Defendant Doe violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. §1030. Plaintiff also asserts claims for conversion and tortious interference with contractual relations against Defendant Doe. (Dkt. 1.) Plaintiff's ownership of the domain names is essential to each of his claims.

Ordinarily, on a motion for default judgment, the Court would accept as true all factual allegations made in the complaint. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). However, the Court is not required to do so when documents attached to the complaint contradict the factual allegations. *Medrano v. Great Mercantile Agency, Inc.*, 2018 WL 2016480, at *4 (E.D. Cal. May 1, 2018) (citing cases and Fed. R. Civ. P. 10(c)). Here, Plaintiff alleges that he owns the domain names at issue, but he attaches an exhibit to his complaint with states that approximately two-thirds of his registrations for these domain names have expired by now. (Dkt. 1.) Moreover, the Court has already raised significant concerns regarding Plaintiff's lack of proof that he owns the domains at issue. As stated above, proof of ownership is essential to all of his claims.

As the Court noted in its request for further briefing in support of the motion for default judgment, the presiding judge, Judge Yvonne Gonzales Rogers twice denied Plaintiff's motion for a temporary restraining order because Plaintiff failed to prove that he owns the domain names at issue. (Dkts. 17, 20.) The Court has repeatedly expressed concerns regarding Plaintiff's failure to prove ownership and has given Plaintiff multiple opportunities to cure this defect. Despite clear instructions from the Court, Plaintiff has failed to submit consistent, sufficient evidence to prove his ownership of the domain names.

Most recently, the Court again directed Plaintiff to file his evidence of "receipts for buying the domains, the cloudflare accounts and the google analytics to demonstrate his ownership and control over the . . . domains" and to "organize the evidence by the domain names." (Dkt. 44.) In response, Plaintiff provided the following documents: (1) a list of the defendant domain names; (2) an excerpt of a document he states is a "Dynadot Activity Log" produced by Dynadot and an email string related to the document production; (3) an excerpt of a document entitled

"accountDomainPrint.Csv produced by Dynadot; and (4) documents that Plaintiff states "concern[] the registrar account that houses the Namecheap Domains" produced by Namecheap. (Dkt. 45.) The Dynadot Activity Log contains multiple entries stating that a customer logged into an IP address. (Dkt. 45-1 at pages 2-17.) The log does not reference any domain names, and it is not clear how this activity log tends to demonstrate Plaintiff's ownership over each of the specific domain names at issue. The accountDomainPrint.Csv appears to be a long list of domain names with a registration date. (*Id.* at pages 35-48.) The domain names appear to be in random order. Finally the documents from Namecheap Domains show the "Whois details" for domain names, but the registrant information is not Plaintiff. (*Id.* at pages 53 - 59.) Plaintiff failed to submit any of the requested documentation, including any receipts for buying the domain names at issue. The additional evidence that Plaintiff did submit is not organized by domain name and is woefully deficient to demonstrate Plaintiff's ownership and control over the domain names.

Therefore, the Court finds that Plaintiff fails to demonstrate that the second, third and fifth factors of the *Eitel* test – the merits of his substantive claims, the sufficiency of his complaint, and the possibility of a dispute concerning material facts – weigh in favor of granting default judgment. The Court, thus, RECOMMENDS that Plaintiff's motion for default judgment be DENIED. However, because Plaintiff may be able to cure the defects, the Court FURTHER RECOMMENDS that the denial be WITHOUT PREJUDICE.

A party may serve and file specific written objections to this recommendation within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b); Civil L.R. 72-3.

**IT IS SO ORDERED**.

Dated: August 13, 2018

_____
SALLIE KIM
United States Magistrate Judge

3